■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAMONT HAYDEN, Respondent.—Consolidated appeals by the People from two orders of the Supreme Court, Queens County, the first, dated August 8, 1975, after a hearing, granted defendant's motion to suppress certain evidence, and the second, dated September 8, 1975, granted defendant's further motion to dismiss the indictment. Orders reversed, on the law and the facts, motions denied, and indictment reinstated. On March 20, 1975, on four occasions between noon and 4:00 P.M., two plain-clothes police officers, in an unmarked car, observed defendant and a young male companion on a busy street in a commercial area of Queens County. On the first three of these occasions, defendant and his companion were looking in factory windows and doorways and were walking into factory alleyways. When the officers made the fourth sweep of the area at 4:00 P.M. , they saw defendant running from an alleyway. As he entered the street he looked in the direction of the unmarked automobile and slowed to a walk. While it is conjecture, it is a fair assumption that he had seen the car on one or more of the three prior occasions and that his suspicions had been aroused as to its real identity. In the belief, based upon prior observations and reasonable suspicion, that defendant had committed a crime in the alleyway, one of the officers alighted from the vehicle and set off in pursuit. He looked around the corner into which defendant had disappeared, but did not see him. He then looked into a neighboring bar and saw defendant standing in the middle thereof; the young companion was standing against a nearby wall. The officers entered the bar. One of them identified himself as a police officer and told defendant that he wanted to speak to him. Defendant made a movement with his hand toward his pocket. At this juncture the officer had the right to assume that he was, or might be, in danger of physical injury. Accordingly, and without demanding of him his name, address and an explanation of his conduct (see CPL 140.50), he ordered defendant to move to the back of the bar. He then proceeded to search him and found a loaded weapon on his person. Under the rationale of *Terry v Ohio* (392 US 1), we think that the police action was justified. It is true that, unlike the factual situation in *Terry,* the officer did not ask defendant to identify himself. But, as noted by Mr. Justice Harlan in his concurring opinion in *Terry* (p 33): "Where such a stop is reasonable, however, the right to frisk must be immediate and automatic if the reason for the stop is, as here, an articulable suspicion of a crime of violence. * * * There is no reason why an officer, rightfully but forcibly confronting a person suspected of a serious crime, should have to ask one question and take the risk that the answer might be a bullet." We deem the omission at bar, therefore, to be an inadvertence which did not rise to a denial of the defendant's rights under the "stop and frisk" statute (CPL 140.50). (See, also, *People v Moore,* 32 NY2d 67; *People v Mack,* 26 NY2d 311.) Cohalan, Rabin and Titone, JJ., concur; Hopkins, Acting P. J., and Shapiro, J., dissent and vote to affirm the orders.